UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| IN RE:<br>STEPHEN JAMES LUSK,<br><br>    Debtor,<br><br><br>BRETT HOUGHTON, CEREE HOUGHTON,<br>and HOUGHTON AUTO EXCHANGE,<br><br>    Appellants,<br><br>v.<br><br>STEPHEN JAMES LUSK,<br><br>    Appellee. | No.: 3:04-CV-140<br>(VARLAN/GUYTON) |

## MEMORANDUM OPINION

### I.  Introduction

This matter is before the Court on appeal by appellants Brett Houghton, Ceree Houghton, and Houghton Auto Exchange (the "Houghtons") from the decision of the United States Bankruptcy Court for the Eastern District of Tennessee dismissing their complaint and discharging their claim against attorney Stephen James Lusk, the debtor-appellee, who incurred a debt based upon his legal malpractice. For the reasons stated herein, the Bankruptcy Court's memorandum and judgment [Docs. 7 and 8, Record on Appeal] in favor of Lusk will be affirmed and the Houghtons' appeal [Doc. 9, Record on Appeal] will be dismissed.

## II. Facts[1]

The parties formed an attorney-client relationship when the Houghtons hired Lusk to represent them in two detainer actions involving a leasehold interest in real property. The Houghtons provided Lusk with copies of the lease agreement at issue and the necessary funds to tender rent for two months. Lusk appeared on behalf of the Houghtons at the initial detainer action in Loudon County General Sessions Court, which dismissed the case in the Houghtons' favor on May 17, 1999. Subsequently, Lusk returned the funds that he was holding for rent payments. On May 26, 1999, the lessor filed an appeal to the Loudon County Circuit Court.

The second detainer action against the Houghtons was set for trial on July 15, 1999. Shortly before the court proceeding, Lusk informed them that he would not be present at the trial and advised them to ask the court for a continuance. The reason that Lusk did not appear was because he attended a meeting involving a real estate dispute pending in North Carolina. The Houghtons appeared in court without counsel and asked for a continuance. However, the sessions court entered judgment against them. At the Houghtons' request, Lusk unsuccessfully attempted to consolidate the second detainer action with the appeal of the initial detainer action. Thereafter, Lusk prepared for submission to the circuit court an order of dismissal stating that the pending appeal of the initial detainer action would be dismissed and that the Houghtons would not appeal the judgment in the second detainer action.

Lusk commenced his Chapter 7 bankruptcy petition on January 14, 2003, listing the Houghtons as creditors for his legal malpractice debt. On July 2, 2003, the Houghtons filed a complaint objecting to Lusk's discharge as nondischargeable pursuant to 11 U.S.C. § 523(a)(4) [*see*

---

[1] The parties stipulated all of the facts involved in the underlying adversary proceeding [*see* Doc. 4, Record on Appeal].

Doc. 1, Record on Appeal]. During the discovery phase of this adversary proceeding, Lusk admitted that he deviated from the standard of care in failing to attend the trial of the second detainer action and in doing so breached his fiduciary duty to the Houghtons, who suffered damages as a result of his malpractice.

The Bankruptcy Court issued a memorandum and entered judgment on February 6, 2004, concluding that § 523(a)(4), which governs the nondischargeability of debts, did not apply to the facts of this case and therefore Lusk was entitled to a discharge of his legal malpractice debt. The Houghtons perfected their appeal to this Court, seeking reversal of the Bankruptcy Court's decision and denial of Lusk's ability to discharge the debt.

**III. Analysis**

At the outset, the Court notes the standard of review that a district court must apply in determining a bankruptcy appeal. A district court reviews a bankruptcy court's factual findings to determine whether they are clearly erroneous, while legal conclusions are subject to a *de novo* review for correctness. *In re Caldwell*, 851 F.2d 852, 857 (6th Cir. 1988). As previously noted, the parties stipulated the facts related to this matter, leaving no factual determinations to be made. Accordingly, the Court will conduct a *de novo* review of the Bankruptcy Court's conclusions of law in this case.

The Houghtons argue that the reckless and/or intentional misconduct by Lusk in breaching his fiduciary duty should disqualify him from obtaining a discharge of his legal malpractice debt under 11 U.S.C. § 523(a)(4). Section 523(a)(4) provides in pertinent part:

> A discharge under Section 727 ... of this title does not discharge an individual debtor from any debt ... for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

In opposing the argument that his debt is nondischargeable, Lusk relies upon the Sixth Circuit decision of *R.E. Am., Inc. v. Garver (In re Garver)*, 116 F.3d 176, 178 (6th Cir. 1997), which expressly holds that legal malpractice claims do not fall within the exception to discharge provided in § 523(a)(4).

Stating that it was bound by the Sixth Circuit authority of *Garver*, the Bankruptcy Court correctly concluded that the Houghtons could not succeed in their nondischargeability action because they could not prove that an express or technical trust was created, since no property was actually transferred from the Houghtons to Lusk to be held in trust. In support of this conclusion, the Bankruptcy Court cited the following language from *Garver*: "The attorney-client relationship, without more, is insufficient to establish the necessary fiduciary relationship for defalcation under § 523(a)(4). Instead, the debtor must hold funds in trust for a third party to satisfy the fiduciary relationship element of the defalcation provision of § 523(a)(4)." 116 F.3d at 179. The Bankruptcy Court further acknowledged *Garver's* narrow construction of this provision: "The mere failure to meet an obligation while acting in a fiduciary capacity simply does not rise to the level of defalcation; an express or technical trust must also be present." *Id.*

The Houghtons acknowledge this Sixth Circuit authority, but they seek an extension of the law and ask this Court to follow the trend of the Second and Eighth Circuits, which have held that an attorney-client relationship, without more, does constitute a fiduciary relationship within the meaning of § 523(a)(4) exception to discharge. *See Andy Warhol Found. for Visual Arts, Inc. v. Hayes (In re Hayes)*, 183 F.3d 162 (2d Cir. 1999); *Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane)*, 124 F.3d 978 (8th Cir. 1997). As recognized by the Bankruptcy Court, however, the Sixth Circuit has issued two unpublished decisions which have followed the authority of *Garver* in holding that debt of a corporate officer was not subject to the defalcation exception to discharge

under § 523(a)(4) because no express or technical trust existed. *See Castle Nursing Home v. Sullivan (In re Sullivan)*, No. 00-3901, 2001 WL 1173327 (6th Cir. Aug. 8, 2001); *Peoples Bank & Trust Co. of Hazard v. Penick (In re Penick)*, No. 97-5446, 1998 WL 344039 (6th Cir. May 28, 1998), *cert. denied*, 525 U.S. 1055. In addition, the Bankruptcy Court recognized the decision of *Metcalfe v. Waters (In re Waters)*, 239 B.R. 893, 904 (Bankr. W.D. Tenn. 1999), in which a bankruptcy court was presented with more egregious facts than those at issue and concluded that § 523(a)(4) should not be expanded to include legal malpractice claims in keeping with *Garver*. The Houghtons' argument that these decisions are inapplicable is simply misplaced, as evident by their holdings in light of the binding authority of *Garver*.

As an alternative to their extension of the law argument, the Houghtons maintain that they meet the restrictive requirements of *Garver*. According to the Houghtons, an express or technical trust relationship existed between the parties when Lusk expressly agreed to maintain a position of trust with regard to their leasehold interest in the real property. In other words, Lusk was entrusted to protect their interest in the real estate when he agreed to appear in court on their behalf. However, the Bankruptcy Court correctly defined an express or technical trust under Tennessee law and found that no property was actually transferred from the Houghtons to Lusk to be held in trust. Without an express or technical trust, the Bankruptcy Court and this Court are bound by *Garver* to conclude that the Houghtons cannot succeed in their nondischargeability action against Lusk under § 523(a)(4). In reaching this decision, the Court finds the following note in *Garver* to be instructive: "[w]hile attorneys should perhaps be held to a higher standard than other professionals, that is a decision for Congress, not the federal courts, to make." 116 F.3d at 179 n.6.

Finally, the Houghtons point to the language of *Garver* that "[t]he attorney-client relationship, **without more**, is insufficient to establish the necessary fiduciary relationship for

defalcation under § 523(a)(4)." *Id.* at 179 (emphasis added). They emphasize that their case involves "much more" because Lusk's conduct was not simply negligent but was "wilfully negligent, reckless and/or intentional" in abandoning his position of trust to protect their property interest [Doc. 3 at pp. 14-15]. In support of this position, the Houghtons cite the case of *Rutanen v. Baylis*, 275 B.R. 145, 151 (Bankr. D. Mass. 2002), for the holding that willful neglect or reckless conduct satisfies the requirements of § 523(a)(4). They refer to the district court's definition of recklessness and maintain that Lusk meets it:

> [T]he state of mind accompanying an act, which either pays no regard to its probably or possibly injurious consequences, or which, though foreseeing such consequences, persists in spite of such knowledge. To be reckless, the conduct must be such as to evince a disregard of or indifference to consequences although no harm was intended.

*Id.* at 152.

The Court is compelled to point out that this case was reversed in part and affirmed in part on appeal to the First Circuit in *Rutanen v. Baylis (In re Baylis)*, 313 F.3d 9 (1st Cir. 2002). In *Rutanen*, the First Circuit concluded that "not every breach of a fiduciary duty amounts to defalcation." *Id.* at 18. The First Circuit further explained that defalcation requires some degree of fault closer to fraud:

> To show defalcation, a creditor need not prove that a debtor acted knowingly or willfully, in the sense of specific intent. However, a creditor must be able to show that a debtor's actions were so egregious that they come close to the level that would be required to prove fraud, embezzlement, or larceny.
> ***
> ... [D]efalcation requires something close to a showing of extreme recklessness.

*Id.* at 20. In this adversary proceeding, the Court cannot conclude that Lusk's failure to appear in court on the Houghtons' behalf rises to the level of defalcation under the standard set forth in *Garver*, and there is certainly no evidence in the record from which the Court could conclude that Lusk's conduct reaches a level of fraud.

## IV. Conclusion

The Court has undertaken a *de novo* review of the Bankruptcy Court's memorandum and judgment, which are the subject of the Houghtons' appeal. In doing so, the Court has carefully reviewed the appeal, the briefs, and the entire record. As a result, the Court concludes that the United States Bankruptcy Court has thoroughly and correctly analyzed the facts and legal issues at issue presented by the Houghtons' complaint and claim against Lusk. Accordingly, the Houghtons' appeal will be dismissed and the Bankruptcy Court's memorandum and judgment will be affirmed.

Order accordingly.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE